J-S06011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE BAGGETT | : | |
| | : | |
| Appellant | : | No. 800 EDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014148-2013

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 06, 2019**

Terrance Baggett appeals from the February 14, 2018 judgment of sentence of one and one-half to five years of incarceration followed by two years of probation, imposed by the trial court after he violated his probation. We affirm.

On April 11, 2016, Appellant entered guilty pleas to possession of a firearm by a prohibited person, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.  The trial court sentenced Appellant to an aggregate term of eight years of probation.

On August 29, 2016, the court found Appellant in violation of his probation ("VOP") and sentenced him to new periods of probation on each offense, for an aggregate period of eight years.  Appellant was found to be in violation of his probation a second time on October 27, 2017, and the VOP court sentenced him to new probationary terms again totaling eight years.  In

addition, the VOP court ordered him to participate in an anger management program, submit to random drug screens, have no access to guns and remain under supervision of the Gun Court, seek and maintain verifiable employment or job training, and complete fifty hours of community service.

On February 14, 2018, Appellant appeared before the VOP court for a hearing. Appellant's probation officer, Idelle Easterling, testified that Appellant refused to attend anger management counseling, undergo random drug testing, seek and maintain employment or vocational training, or perform community service. She described his attitude as "defiant" and his anger as "explosive." N.T., 2/14/18, at 6-7.

Appellant testified that he had completed anger management classes and that he knew how to control his anger. He told the VOP court that he was not walking around shooting or stealing from people, and that he went to the library every day to complete job applications. He insisted that he wanted to do the right thing, even though that meant that he had no money. Appellant maintained that he did not have the means to travel to the required services and classes.

The VOP court found Appellant in technical violation of his supervision. It also found that financial hardship was not the sole cause of his non-compliance. *Id*. at 23. Rather, the court concluded that Appellant was not amenable to supervision as he "consistently wished to dictate the terms of probation" and his defiance of authority made him likely to commit more crimes. *Id*. at 24. Consequently, the VOP court explained why imprisonment

was necessary to vindicate the court's authority and further Appellant's rehabilitation. The court announced its intention to require Appellant to undergo a mental health evaluation and comply with all treatment recommendations, which it assumed would include anger management. Once out of custody, the VOP court stated that Appellant should have no access to guns and attend individual counseling per treatment recommendations.

As the VOP court was placing the foregoing findings on the record, Appellant became extremely disruptive, stood up to leave, and put on his jacket. He slammed the desk with his hands and behaved disrespectfully towards the judge, resulting in his removal from the courtroom. The court thereafter sentenced Appellant to the aforementioned term of imprisonment and consecutive probationary period.

Appellant presents the following issue for our review:

[1] Is the sentence imposed unduly harsh and excessive, and greater than that necessary to vindicate the Court's authority under the circumstances where:

> [a] confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws and is the sentence greater than that which would be consistent with protection of the public, the gravity of [Appellant's] conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of the [Appellant];

> [b] and where the lower court did not adequately consider [Appellant's] age, rehabilitative needs, his acceptance of responsibility for his crime and violation?

Appellant's brief at 5.

Our scope of review permits consideration of challenges to the discretionary aspects of a sentence imposed following a revocation of probation. *Commonwealth v. Williams*, 69 A.3d 735, 740 n.5 (Pa.Super. 2013). The law is well-settled, however, that sentencing is within the discretion of the trial court and should not be disturbed absent a clear abuse of discretion. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014). Furthermore, challenges to discretionary aspects of a sentence do not automatically entitle an appellant to a right of review. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018). An appellant must meet certain procedural prerequisites before an appellate court can hear such a challenge. Specifically, we engage in a four-part analysis to determine whether 1) the appeal is timely; 2) the issue has been preserved; 3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and 4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa.Super. 2013). If each of these requirements is met, we will proceed to a determination on the merits of the claim. *Id*.

Appellant filed a timely post-sentence motion raising this issue, and his brief contains a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the Sentencing Code allegedly has

been violated, what fundamental norms the sentence violates, and the manner in which it violates the norms. *See* Pa.R.A.P. 2119(f). Appellant argues that he has raised a substantial question because the VOP sentencing court disregarded his rehabilitative needs, resulting in an excessive sentence. Specifically, Appellant relies upon the statutory language in 42 Pa.C.S. §§ 9721 and 9771, which concerns sentences imposed after a finding that a person has violated the terms of a sentence of probation, to further his contention that a substantial question exists. Those provisions state, in pertinent part, that:

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b). In addition, § 9771 states:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> 1) the defendant has been convicted of another crime; or
>
> 2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

The Commonwealth contends that Appellant's claim fails to raise a substantial question, *i.e.*, a colorable argument that the sentencing court's actions were either inconsistent with a specific provision of the Sentencing Code or contrary

- 5 -

to fundamental sentencing norms. **See Commonwealth v. Celestin**, 825 A.2d 670, 676 (Pa.Super. 2003). It cites **Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa.Super. 2015), in support of its contention that failure to consider a specific sentencing factor such as rehabilitative needs does not raise a substantial question. Furthermore, the Commonwealth points out that the sentencing guidelines do not apply, and relies upon **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014) (quoting 42 Pa.C.S. § 9721), for the proposition that

> the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

In our view, Appellant raises a substantial question, as he "has not made a boilerplate claim, insofar as he has cited pertinent legal authority that can be read to support his assertion that a substantial question that the sentence was not appropriate under our Sentencing Code exists." **Commonwealth v. Dodge**, 77 A.3d 1263, 1271 (Pa.Super. 2013). Thus, we will entertain the merits of his discretionary sentencing claim.

Appellant contends that his sentence is unduly harsh, excessive, and unreasonable because the VOP court failed to demonstrate that he was likely to commit another crime and that total confinement was necessary to vindicate the court's authority. Additionally, he claims the court did not consider his age, rehabilitative needs, and acceptance of responsibility for his

crimes and non-compliance with supervision. Furthermore, he points out that he was not convicted of another crime, and disputes that his conduct indicated that he was likely to reoffend if not imprisoned. Moreover, Appellant contends that a sentence of imprisonment was not necessary to vindicate the authority of the VOP court because Appellant's failure to participate in the court-ordered programs stemmed from his poverty, his lack of a support system, and the fact that he had completed the same programs while incarcerated.

The VOP court found, however, that Appellant's defiant attitude, outbursts, and anger at his probation officer, which were on display at the VOP hearing, made it likely that he would commit another crime if not imprisoned. The court noted that it had given Appellant multiple opportunities to comply with his probation, which was imposed in an effort to rehabilitate him. In the court's view, probation had failed to accomplish that end, and it rejected Appellant's claim that his non-compliance was due to simply a lack of access to funds.

We note the following. It was only after Appellant repeatedly refused to comply with the conditions of his probation that the VOP court determined imprisonment was necessary to vindicate its authority and ensure that Appellant did not re-offend. This was his third probation revocation, and the record supports the court's conclusion that probation was not achieving the desired rehabilitation. *See Commonwealth v. Sierra*, 752 A.2d 910, 915 (Pa.Super. 2000) (finding total confinement appropriate when probation has

been ineffective). These findings support imposition of a sentence of total confinement pursuant to 42 Pa.C.S. § 9771(c).

The sentence of one and one-half years of incarceration followed by a two-year probationary term was not excessive and was within the VOP court's discretion.[1] In light of the record before us, consisting of the testimony of Appellant's probation officer, Appellant's own allocution, his repeated refusal to comply with supervision, and his rage and anger at the court and the system exemplified at the VOP hearing, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/19

---

[1] Appellant's convictions carried a maximum aggregate sentence of twenty-two years of incarceration.