J-S62027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE R. TEMPLE | : | |
| | : | |
| Appellant | : | No. 665 WDA 2019 |

Appeal from the Judgment of Sentence Entered, March 27, 2019,
in the Court of Common Pleas of Crawford County,
Criminal Division at No(s):  CP-20-SA-0000046-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 3, 2020**

Eugene R. Temple appeals from the judgment of sentence imposed following his conviction of one count each of vehicle entering or crossing roadway, and driving while operating privileges suspended or revoked – driving under the influence ("DUI") related.[1]  Additionally, Temple's court-appointed counsel, Gary A. Kern, Esquire, has filed a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** Brief").  We grant Attorney Kern's petition, and affirm Temple's judgment of sentence.

On August 22, 2018, Temple drove his vehicle from a parking lot into a lane of traffic directly in front of a patrol vehicle operated by Officer Vernon

---

[1] ***See*** 75 Pa.C.S.A. §§ 3324, 1543(b)(1).

Knapp of the Vernon Township Police Department. The manner in which Temple's vehicle entered the street caused Officer Knapp to abruptly apply the brakes of his patrol vehicle in order to avoid a collision with Temple. Officer Knapp initiated a traffic stop of Temple. Temple refused to produce a driver's license. However, Officer Knapp was able to obtain enough information to check on the status of Temple's license, and determined that his operating privileges were suspended due to a DUI-related conviction. Officer Knapp then issued a citation for the above two summary traffic offenses.

On October 11, 2018, a magisterial district judge conducted a summary trial. The Commonwealth presented the testimony of Officer Knapp and introduced Temple's driving record, which indicated that his driving privileges had been suspended since 2006 due to a prior DUI conviction. Temple represented himself at the summary trial. At the conclusion of the summary trial, the magistrate found Temple guilty of both charges. Temple filed a *pro se* notice of summary appeal.

On March 27, 2019, the trial court conducted a *de novo* summary appeal trial, and found Temple guilty of both summary charges. The trial court sentenced Temple to a flat sixty-day term of incarceration for driving while operating privileges suspended – DUI related, and imposed fines. Temple thereafter applied for court-appointed counsel. The court appointed Attorney Kern, who filed a timely notice of appeal. Both Temple and the trial court

complied with Pa.R.A.P. 1925. In this Court, Attorney Kern has filed a petition to withdraw as counsel and an **Anders** brief. Temple did not file a response to the petition to withdraw or the **Anders** brief.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous.   Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.   Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."   **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Kern has complied with each of the requirements of **Anders**.   Attorney Kern indicates that he conscientiously examined the record and determined that an appeal would be frivolous.   Further, Attorney Kern's **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**.   Finally, the record includes a copy of the letter that Attorney Kern sent to Temple, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Kern's intention to seek permission to withdraw.   Accordingly, Attorney Kern has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Temple's appeal is wholly frivolous.

In the **Anders** Brief, Attorney Kern raises the following issue for our review: "Whether . . . Temple has any non-frivolous issues to raise on appeal." **Anders** Brief at 5.   In discussing the issue, Attorney Kern indicates that, in the lower court proceedings, Temple raised the following arguments while

acting *pro se*: (1) these proceedings are not properly instituted against Temple because he is "eugene-richard:temple," and not defendant "Eugene R. Temple" or EUGENE R. TEMPLE;" (2) he is not subject to criminal prosecution in any court; (3) he cannot be subject to the laws of this state because he never entered into a contract with the Commonwealth of Pennsylvania; and (4) the vehicle code is void *ab initio* in its entirety because it infringes on his constitutional right to travel. ***See Anders*** Brief at 12-13.

Temple's first argument is patently frivolous. As noted by Attorney Kern, Temple did not dispute that he was driving his vehicle, or that his driving privileges have been suspended since 2006 due to a prior DUI conviction. Nor is there any indication in the record that Temple raised a claim of mistaken identity. Thus, no relief is due for his purported claim that he is not the individual identified in court documents due to the use of upper case letters in the spelling of his name.

With respect to Temple's remaining claims, Attorney Kern correctly indicates that these arguments are akin to "sovereign citizen" claims, which this Court has rejected as frivolous. ***See Commonwealth v. McGarry***, 172 A.3d 60, 66 (Pa. Super. 2017) (observing that "[c]ourts in this Commonwealth and various Federal Courts of Appeals have rejected sovereign citizen claims, identical to those raised here . . . as frivolous"). Thus, we agree with Attorney Kern's conclusion that Temple's remaining claims are wholly frivolous and do not entitle him to relief.

Finally, as required by **Anders**, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other non-frivolous issues that Temple could raise that his counsel overlooked. **Dempster**, **supra**. Having concluded that there are no meritorious issues, we grant Attorney Kern's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2020