J-S11041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON JACOB SHKURATOFF, | : | |
| | : | |
| Appellant | : | No. 1436 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 20, 2019
in the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000046-2019

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED APRIL 27, 2020**

Aaron Jacob Shkuratoff ("Shkuratoff") appeals from the judgment of sentence entered following his conviction of retail theft.[1]  Counsel for Shkuratoff has filed a Petition to Withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw, and affirm Shkuratoff's judgment of sentence.

On August 20, 2019, Shkuratoff pled guilty to retail theft, a first-degree misdemeanor.  On August 20, 2019, the trial court sentenced Shkuratoff to serve four to twenty-four months, less one day, in the Crawford County

---

[1] ***See*** 18 Pa.C.S.A. § 3929(a)(1).

Correctional Facility, plus a fine and costs.[2]   The trial court awarded two days of credit for time served.   Shkuratoff did not file a post-sentence motion. Shkuratoff timely filed the instant appeal, after which counsel filed a Statement of her intention to file an **Anders** brief in lieu of filing a concise statement.

In the **Anders** Brief, Shkuratoff presents one claim for our review: "Whether [Shkuratoff's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" **Anders** Brief at 3.

Before this Court may consider the merits of the issue raised, we must address counsel's Petition to Withdraw from representation.   **See Commonwealth v. Daniels**,  999 A.2d 590, 593 (Pa. Super. 2010) (stating that, "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").   According to **Santiago**, in the **Anders** brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

---

[2] On June 7, 2019, Shkuratoff appeared for his scheduled sentencing hearing. At that time, Shkuratoff expressed his desire to withdraw his guilty plea.  As a result, the trial court entered an Order directing that the sentencing date be rescheduled, and that Shkuratoff file any motion to withdraw his plea within 30 days.  Trial Court Order, 6/10/19.  Shkuratoff did not file a motion to withdraw his plea.  At the August 20, 2019, sentencing hearing, Shkuratoff indicated his desire to proceed with sentencing.  N.T., 8/20/19, at 2.

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

In her Petition to Withdraw, counsel states that she has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Shkuratoff that she is seeking permission to withdraw, furnished Shkuratoff with copies of the Petition to Withdraw and ***Anders*** Brief, and advised Shkuratoff of his right to retain new counsel or proceed *pro se*, to raise any points he believes worthy of this Court's attention. ***See id.*** Accordingly, counsel has satisfied the procedural requirements of ***Anders***.

We next determine whether counsel's ***Anders*** Brief meets the substantive dictates of ***Santiago***. Our review of the ***Anders*** Brief discloses that counsel has provided the facts and procedural history of the case. Additionally, counsel refers to one substantive claim that could arguably support the appeal and states her conclusion that the issue is wholly frivolous. Because appellate counsel has satisfied the above requirements, we will address the substantive issue raised in the ***Anders*** Brief. Additionally, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); ***see also Commonwealth v. Yorgey***, 188 A.3d

1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Shkuratoff claims that the trial court abused its discretion at sentencing. **Anders** Brief at 6. Shkuratoff asserts that the sentence is manifestly excessive, as he had "admitted his wrongdoing and even paid for other items in his possession at the time [that] the offense occurred." **Id.** In addition, Shkuratoff points out his admission at sentencing that he suffers from a long-standing drug abuse problem, and that he was under the influence at the time that he committed the offense. **Id.** Further, Skuratoff's counsel indicated that "the majority of [Shkuratoff's] significant prior criminal record stemmed from 2005 and 2006[,] and a burglary conviction as a juvenile." **Id.** at 7. Shkuratoff directs our attention to other mitigating evidence presented at the sentencing hearing, *i.e.*, that he had obtained his electrician's certificate and was in the process of getting a career position, and that he is the main breadwinner of his family. **Id.**

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see**

- 4 -

[Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Our review of the record discloses that, although Shkuratoff timely filed his Notice of Appeal, he failed to preserve his sentencing challenge at sentencing or in a motion to reconsider and modify the sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (stating that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence. Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations omitted). Because Shkuratoff did not preserve this issue for appellate review, the claim is waived. *See id.* We therefore agree with counsel that the claim is without merit and frivolous.[3] *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

_____

[3] Even if Shkuratoff had preserved this claim, we would agree with counsel's assessment that the claim lacks merit and is frivolous. The trial court sentenced Shkuratoff in the standard range of the sentencing guidelines. In addition, the record reflects that the trial court considered the mitigating evidence presented by Shkuratoff at the sentencing hearing. *See* N.T., 8/20/19, at 7-8 (wherein Shkuratoff's counsel presented mitigating evidence). Thus, we would conclude that the sentence is not excessive, and we discern no abuse of discretion by the trial court.

Finally, we have conducted "a simple review of the record" and have found no "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. Accordingly, we grant counsel's Petition to Withdraw, and affirm the judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2020