J-E04007-17

2018 PA Super 121

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MELISSA R. DEMPSTER, :
:
Appellant : No. 28 EDA 2017

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004598-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.: **FILED MAY 08, 2018**

Appellant, Melissa R. Dempster, appeals from the Judgment of Sentence entered following the revocation of her probation. On appeal, Appellant challenges the discretionary aspects of her sentence, arguing that, in imposing a term of one to two years' imprisonment, the violation of probation ("VOP") court imposed a harsh and excessive sentence. Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After a full examination of all the proceedings, we find that this appeal is frivolous. Accordingly, we affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

On October 1, 2015, Appellant entered a negotiated guilty plea to one count of Retail Theft, graded as a misdemeanor of the second degree.[1] That same day, the trial court imposed the negotiated sentence of two years' probation.

While serving her probationary sentence under the trial court's supervision, Appellant (1) failed to report to her probation officer as directed; (2) overdosed on heroin and was hospitalized; and (3) failed to pay $796.50 in court costs and fines. *See* Request for Bench Warrant, filed 8/3/16. She was arrested and detained for approximately 75 days until her VOP hearing.

On November 22, 2016, the trial court, sitting as the VOP court, conducted a *Gagnon II*[2] hearing. Appellant, who participated via video conference and was represented by counsel, stipulated to the above probation violations. N.T., 11/22/16, at 3. The VOP court found that Appellant had violated her probation and imposed the maximum sentence of one to two years' incarceration.[3] *Id.* at 7. *See* 18 Pa.C.S. § 1104(2) (providing a

---

[1] 18 Pa.C.S. § 3929(a)(1). For a second-degree misdemeanor, a trial court may sentence a defendant to a maximum term of incarceration of up to two years. 18 Pa.C.S. § 1104(2).

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] Our review of the record shows that the form sentencing order completed by the VOP court shows that, in a standard provision, the court ordered that Appellant "shall receive such credit for time served as he/she is entitled by the laws of the Commonwealth of Pennsylvania." Certificate of Imposition of [Judgment] of Sentence, dated 11/22/16, at 1. This provision sufficiently ordered time-credit to avoid any issues regarding the maximum sentence. *See* 42 Pa.C.S. § 9760 ("Credit for time served").

maximum term of imprisonment of "[t]wo years in the case of a misdemeanor of the second degree."). The trial court reasoned that its sentence would "drive[] home the seriousness of [Appellant's] addiction" and provide access to "state recovery programs" to treat Appellant's serious heroin addiction after other treatment options had been ineffective. *Id.* at 5-6.[4] Appellant did not file a Post-Sentence Motion or a Motion to Reconsider her sentence.

On December 20, 2016, Appellant filed a timely Notice of Appeal.

On January 6, 2017, the trial court entered an Order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of matters complained of on appeal within twenty-one days. Instead, on January 25, 2017, Appellant's counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). On February 2, 2017, the VOP court filed a brief Opinion indicating that it would not opine on any issues given counsel's intent to file an *Anders* brief. *See* VOP Court Opinion, filed 2/2/17, at 1-2 (citing *Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008)).

On April 18, 2017, counsel for Appellant filed an *Anders* Brief and a Petition to Withdraw as Counsel. Counsel appended a copy of a letter addressed to Appellant informing Appellant of counsel's Petition to Withdraw and her right to retain new counsel or proceed *pro se*. Appellant did not file a response.

In his *Anders* Brief, counsel raised one issue:

---

[4] For these same reasons, the VOP court rejected Appellant's request for a sentence of one year less a day to two years less a day.

- 3 -

Whether the 1 to 2 year term of imprisonment imposed herein is harsh and excessive under the circumstances?

*Anders* Brief at 1.

On August 18, 2017, this Court certified this case for *en banc* review[5]

regarding the following issue:

Whether the scope of the appellate court's independent review of the certified record, once Counsel seeks permission to withdraw representation, necessitates: (1) a comprehensive review of the record for any issues that Counsel might have overlooked; (2) review limited to the issues either Counsel or the *pro se* appellant raised; or (3) review limited to the issues raised by either Counsel or *pro se* appellant, and issues that the appellate court is obligated to review *sua sponte*. **Compare Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015) (espousing comprehensive review), **with Commonwealth v. Baney**, 860 A.2d 127 (Pa. Super. 2004) (limiting review to issues raised in **Anders** brief and *pro se* response), **and Commonwealth v. Schmidt**, [165 A.3d 1002] (Pa. Super. June 14, 2017) (Gantman, P.J., concurring) (suggesting middle ground level of review, in which appellate court examines entire record for issues raised in briefs and for other issues appearing on face of record which court can raise *sua sponte*)[.]

Order Directing *En Banc* Certification, 8/18/17, at 1-2.  The parties have filed supplemental briefs addressing this issue.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

---

[5] This Court also certified **Commonwealth v. Yorgey**, No. 3376 EDA 2016 for *en banc* review, which raised the same issue.

In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Id.* at 739. California had permitted Anders's attorney to withdraw based on a simple letter stating, "I will not file a brief . . . there is no merit to the appeal." *Id.* at 742. After concluding that the California procedures violated the Fourteenth Amendment's principles of substantial equality and fair process, the Supreme Court outlined a permissible procedure. *Id.* at 744.

The Supreme Court acknowledged that in cases that involve frivolous appeals, counsel may request and receive permission to withdraw without depriving the indigent defendant of his right to representation, provided certain safeguards are met. *Id.* at 741-42. Thus, Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id. See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing

that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition).

The substance of the **Anders** brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). In **McCoy v. Court of Appeals of Wisconsin, Dist. 1**, 486 U.S. 429 (1988), the U.S. Supreme Court noted that the **Anders** brief is designed, *inter alia*, to assist the court in making "the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." **Id.** at 439.

Here, counsel's **Anders** Brief has complied with the mandated procedure for withdrawing as counsel.

**Anders** also provides that once the court has determined that counsel satisfied the above requirements, "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to withdraw and dismiss the appeal[.]" **Anders**, 386 U.S. at 744. **See also Commonwealth v. Baker**, 239 A.2d 201 (Pa. 1968) (holding that

Pennsylvania courts must follow the **Anders** procedure).  Thus, in addition to reviewing counsel's brief submitted with the withdrawal motion to ascertain whether counsel has adequately performed his or her duty with respect to providing proper representation to the appellant, a reviewing court must:

> then proceed[], after a **full examination of all** the proceedings, to decide whether **the case is wholly frivolous**.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.  On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

**Anders**, **supra** at 744 (emphasis added).

Our Court has inconsistently applied the mandate set forth in **Anders** and its progeny that we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous" before granting an attorney's petition to withdraw from representation.  **Anders**, **supra** at 744.  The discrepancy in our jurisprudence appears to stem from a disagreement as to whether the **Anders** requirement of "a full examination of all the proceedings" pertains only to a review of the record to ascertain "the merits of the appeal" as that appeal has been presented by counsel seeking to withdraw or whether **Anders** requires a review of the whole record to ascertain complete frivolity, *i.e.*, that no issues appearing to have merit exist.  **Id.**; **Santiago**, **supra** at 358.

In some cases, we have limited our scope of review to confirm frivolousness of only those issues presented by counsel in the **Anders** brief.

*See*, *e.g.*, *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012); and *Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In other cases, however, we have defined the scope of review required by *Anders* as one necessitating a review of the entire record for "any other potentially non-frivolous issues." *Commonwealth v. Goodwin*, 928 A.2d 287, 292 (Pa. Super. 2007) (*en banc*). *See also Commonwealth v. Harden*, 103 A.3d 107, 112 (Pa. Super. 2014) (reviewing entire record and finding one issue "worthy of discussion" but ultimately frivolous); *Commonwealth v. Palm*, 903 A.2d 1244, 1247 (Pa. Super. 2006) (independently reviewing entire record before concluding that "we cannot discern any other potentially non-frivolous issues."); *In re S.M.B.*, 856 A.2d 1235, 1238 (Pa. Super. 2004) (same); *Commonwealth v. Ferguson*, 761 A.2d 613, 616 (Pa. Super. 2000) (same).

Although the *Anders* Court did not delineate the exact meaning of "full examination of all the proceedings," the Pennsylvania Supreme Court recognized in *Santiago*, *supra*, that only "complete frivolity . . . supports counsel's request to withdraw and a court's order granting the request." *Santiago*, *supra* at 358 (citation omitted). The *Santiago* Court further observed that *Anders* not only requires counsel to conduct an exhaustive examination of the record, but also "place[s] the responsibility on the

reviewing court to make an independent determination of the merits of the appeal." *Id.* at 358.

Further, this Court has stated that "part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006). This view comports with the main purpose of *Anders*, which is to make sure that an appellant is provided with adequate counsel as required by the Sixth Amendment of the U.S. Constitution. Ultimately, our Court's overriding task is to ensure that a criminal defendant's loss of liberty is reviewed with the gravity with which it is entitled. When counsel seeks to withdraw, *Anders* requires nothing less.

In light of the constitutional rights at issue, we must give *Anders* a most generous reading and review "the case" as presented in the entire record with consideration first of issues raised by counsel. *Anders*, 386 U.S. at 744. Contrary to the Dissenting Opinion in *Flowers*, *supra*, this review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.

With the above principles in mind, we will first review the issue raised in counsel's *Anders* Brief. In asserting a sentence is "harsh and excessive under the circumstances," counsel raises a challenge to the discretionary

aspects of Appellant's sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.*** (citation omitted).

"[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

In the instant case, Appellant did not properly preserve this issue challenging the discretionary aspects of her sentence: she failed to raise an objection to her sentence at the VOP sentencing hearing, and she did not file a timely post-sentence motion or motion to reconsider her sentence presenting this issue to the VOP court. ***See*** N.T., 11/22/16, at 3-8. Thus, Appellant waived her challenge to the discretionary aspects of her sentence.

***See Leatherby, supra***; ***Griffin, supra***.[6]  Accordingly, we agree with counsel that this sentencing claim presented in the ***Anders*** Brief is wholly frivolous.[7]

After conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal.  We therefore grant counsel's Petition to Withdraw and affirm the November 22, 2016 Judgment of Sentence.

Judgment of Sentence affirmed.  Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18

---

[6] Even assuming Appellant had preserved her claim, Appellant's bald claim that the VOP court imposed a "harsh and excessive" sentence, ***Anders*** Brief at 1, does not present a "substantial question" for review.  ***See Commonwealth v. Titus***, 816 A.2d 251, 255-56 (Pa. Super. 2003) (concluding defendant did not present a substantial question for review where claim was "a bald allegation of excessiveness and [did] not raise any challenge in the claim itself or in the brief as to a violation of the Sentencing Code or a particular fundamental norm underlying the sentencing process[.]").

[7] Appellant's counsel included a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) in the ***Anders*** Brief, but stated that he could "not in good faith suggest that the Court grant this Petition for Allowance of Appeal[.]" ***Anders*** Brief at 5.