J-A30044-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
         Appellee     :
    :
         v.     :
    :
BRIAN KURT BANTUM,     :
    :
         Appellant     :     No. 1476 WDA 2017

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:    SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 8, 2020**

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct. Counsel for Appellant has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we deny counsel's petition to withdraw.[1]

On October 4, 2019, this Court denied counsel's prior petition to withdraw. In the accompanying letter to Appellant, counsel conditioned Appellant's right to proceed *pro se* or with privately-retained counsel upon

_____

[1] Given our disposition, we do not recount the full procedural history in this memorandum.

_____

*Retired Senior Judge assigned to the Superior Court.

this Court's **granting of counsel's petition to withdraw**. *See* Attorney Zang's Letter to Appellant, 9/9/2019, at 2 (unnumbered). This was error. **As soon as counsel files a petition to withdraw**, an appellant has an immediate and present right to proceed *pro se* or with privately-retained counsel to raise any issues an appellant deems worthy of this Court's review. As such, this Court denied counsel's petition, concluding that counsel "failed to comply with the technical requirements [of **Anders** and its progeny] by failing to provide clear advice to Appellant of his **immediate** right to proceed *pro se* or with privately[-]retained counsel[.]" **Commonwealth v. Bantum**, ___ A.3d ___, 2019 WL 4899743 (Pa. Super. 2019) (unpublished memorandum at 3-4) (emphasis added).

Although counsel's October 21, 2019 letter to Appellant is more detailed, it still erroneously conditions Appellant's right to proceed *pro se* or with privately-retained counsel upon this Court's granting of counsel's petition to withdraw. **See** Attorney Zang's Letter to Appellant, 10/21/2019, at 2 (unnumbered) (notifying Appellant that "[i]f the Court grants my petition, you have various rights that I am required to explain to you").

Accordingly, we are constrained to deny again counsel's petition to withdraw. We direct Attorney Zang, within ten days of the filing of this memorandum, to file either an advocate's brief or a compliant **Anders** brief, petition to withdraw, and accompanying letter, which fully advises Appellant **of Appellant's present and immediate right** to proceed in this appeal

either *pro se* or with privately-retained counsel, and to file a brief with this Court raising any issues Appellant deems worthy of review.[2] ***See Santiago***, 978 A.2d at 351; ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*) (citing ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010)) ("providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition").

Petition to withdraw denied. Panel jurisdiction retained.

---

[2] We note also that while counsel only raised a potential sufficiency-of-the-evidence claim in his ***Anders*** brief, he erroneously conflated sufficiency of the evidence with weight of the evidence in his letter to Appellant.