**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WAYNE DELVALLE | : | |
| | : | |
| Appellant | : | No. 1682 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 29, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005432-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 07, 2020**

William Wayne Delvalle appeals from judgment of sentence of thirty to one hundred and twenty months of incarceration imposed after a jury convicted him of robbery and related charges.  We affirm.

At 3:00 p.m. on November 8, 2018, loss prevention detectives Bryan Bilous (hereinafter "Victim") and Jessica Marques were watching the security camera at Boscov's department store in Berks County.  *See* N.T. Jury Trial, 6/11/19, at 92-93, 95.  They observed Appellant pick up a "tester"[1] bottle of cologne, conceal it in the sleeve of his jacket, and exit the store.  *Id*. at 93-95.  As Appellant left the store, Victim and Ms. Marque decided to apprehend him.  *Id*. at 95-96.  Upon confronting Appellant, Victim identified himself as a

---

[1] A "tester" is a bottle of cologne located on the cosmetics counter for customers to sample before they decide to purchase cologne.  N.T. Jury Trial, 6/11/19, at 94.

loss prevention officer and asked Appellant to reenter the store. *Id*. at 97. As they were walking back toward the front of the store, Appellant first placed his hands inside of his jacket, then withdrew them, and began running away. *Id*. at 97-98. Victim grabbed onto Appellant, attempting to wrestle him to the ground and handcuff him. *Id*. at 98. During the ensuing struggle, Appellant bit Victim on the right forearm and right hand, drawing blood. *Id*. at 99-100, 105. Once police arrived on scene, Appellant was taken into custody and Victim was transported to the hospital for treatment of his injuries. *Id*. at 102-05. After Appellant was placed in custody, a second bottle of cologne was discovered on his person. *Id*. at 106.

The Commonwealth charged Appellant with robbery, theft of movable property by unlawful taking, and simple assault. The case proceeded to trial, and on June 11, 2019, the jury convicted Appellant of all three charges. On July 29, 2019, the court sentenced Appellant to serve a standard range sentence of thirty months to ten years of confinement at the robbery charge. The remaining charges merged for sentencing.

On August 7, 2019, Appellant filed a post-sentence motion challenging the weight and sufficiency of the evidence to support his convictions and the discretionary aspects of his sentence. On October 3, 2019, the court denied Appellant's motions. Thereafter, Appellant filed a timely notice of appeal. Following a remand, Appellant filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his concise statement, Appellant challenged the sufficiency and weight of the evidence to support his

convictions, and asserted that the trial court abused its discretion by imposing an excessive sentence. The trial court thereafter authored its Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

1. Whether the Commonwealth failed to present sufficient evidence to support a verdict of guilty for the count of Robbery, specifically, where the Commonwealth did not establish, beyond a reasonable doubt, that [Appellant] caused bodily injury to the loss prevention officer nor threatened him with or intentionally put him in fear of immediate bodily jury.

2. Whether the Commonwealth failed to present sufficient evidence to support a verdict of guilty for the count of Simple Assault, where the Commonwealth did not establish, beyond a reasonable doubt, that [Appellant] attempted to or caused bodily injury to the loss prevention officer.

3. Whether the Trial Court abused its discretion when it permitted a guilty verdict that was against the weight of the evidence, where the evidence supported the conclusion that the [Appellant] acted in self-defense.

4. Whether the Trial Court erred by imposing a sentence of not less than 30 months nor more than 10 years, which at the top of the standard range was excessive when considering: the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and the community, and the rehabilitative needs of [Appellant].

Appellant's brief at 6-7.

Appellant's first two claims challenge the sufficiency of the evidence to support his convictions. Our standard of review when considering a challenge to the sufficiency of the evidence is:

- 3 -

> [w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

Upon review of the certified record, the parties' briefs, and the relevant law, the trial court's well-reasoned opinion thoroughly describes how the evidence was sufficient to support the verdict. Accordingly, we affirm Appellant's judgment of sentence as to the first two claims on the basis of the opinion that the Honorable Patrick T. Barrett entered on February 7, 2020. *See* Trial Court Opinion, 2/7/20, at 3-6 (discussing Appellant's two challenges to the sufficiency of the evidence to support his robbery and simple assault convictions, detailing the elements the Commonwealth had to prove, and specifying where in record the Commonwealth put forth sufficient evidence that Appellant inflicted bodily injury upon the Victim).

In his next claim, Appellant attacks the weight of the evidence to support his convictions for robbery and simple assault, because he acted in self-defense. *See* Appellant's brief at 25-27. Such a claim is addressed in the first instance to the discretion of the trial court. As we explained in *Commonwealth v. Stokes*, 78 A.3d 644, 650 (Pa.Super. 2013):

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id*. In short, a verdict should not be overturned on this basis unless "it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016).

Our standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted) (emphasis in original).

In its opinion, the trial court noted that a new trial should only be awarded when the jury's verdict was so contrary to the evidence that it shocked the court's sense of justice, before finding that it had no reason to disturb the jury's credibility determinations. *See* Trial Court Opinion, 2/7/20, at 7-8. In the trial court's view, the only evidence that supported Appellant's contention that he acted in self-defense was Appellant's own self-serving testimony. Furthermore, since Appellant did not specify why his own testimony deserved greater weight than that introduced by the Commonwealth, his claim amounted to a "bare assertion" that did not merit relief. *Id*. at 7. Our review has uncovered no abuse of discretion.

Appellant maintains that, because he testified that he acted in self-defense, he should not have been convicted of robbery or simple assault. *See* Appellant's brief at 27-28. However, Appellant is merely rehashing the arguments he made at trial, which the jury rejected, as was its prerogative. *See Commonwealth v. Flor*, 998 A.2d 606, 626 (Pa. 2010) (reaffirming that the jury is entitled "to believe all, part, or none of the evidence, and credibility determinations rest solely within the purview of the fact-finder"); *see also* N.T. Jury Trial, 6/11/19, at 172-74 (Appellant testifying that he acted in self-defense when he bit Victim); *Id*. at 216-23 (trial counsel arguing that

Appellant acted in self-defense). Accordingly, no relief is due on Appellant's third issue.

In his final claim, Appellant alleges that he received an excessive sentence. **See** Appellant's brief at 28-31. The law is well-settled that sentencing is within the discretion of the trial court and should not be disturbed absent a clear abuse of discretion. **See Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014). Furthermore, challenges to the discretionary aspects of sentence do not automatically entitle an appellant to appellate review. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018). Rather, an appellant must meet certain procedural prerequisites before an appellate court can entertain such a challenge. Specifically, we engage in a four-part analysis to determine whether (1) the appeal is timely; (2) the issue has been preserved; (3) appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. **See Commonwealth v. Austin**, 66 A.3d 798, 807-08 (Pa.Super. 2013). If each of these requirements is met, we will proceed to a determination on the merits. **Id**.

Appellant filed a timely post-sentence motion and concise statement challenging the excessiveness of his sentence. Also, his brief contains a statement of reasons relied upon for his challenge to the discretionary aspects

of his sentence as required by Pa.R.A.P. 2119(f).  **See** Appellant's brief at 15.

Therein, Appellant claims that a substantial question is presented because "the

sentencing court failed to consider mitigating factors."  **Id**.  We find that this

claim raises a substantial question, as it challenges Appellant's alleged

excessive sentence in conjunction with an assertion that the court failed to

consider mitigating factors.  **See Commonwealth v. Raven**, 97 A.3d 1244,

1253 (Pa.Super. 2014).

The following principles apply to our substantive review of Appellant's

claim.  "When reviewing sentencing matters, this Court must accord the

sentencing court great weight as it is in the best position to view the

defendant's character, displays of remorse, defiance or indifference, and the

overall effect and nature of the crime."  **Commonwealth v. Ventura**, 975

A.2d 1128, 1134 (Pa.Super. 2009).  "We cannot re-weigh the sentencing

factors and impose our judgment in the place of the sentencing court."

**Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009).  Instead,

we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent

with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Antidormi*, *supra* at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by a pre-sentence investigation, as here, it is presumed that the trial court is aware of and has been informed by all appropriate sentencing factors and considerations. *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we find (1) that the court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). Appellant concedes that his sentence fell within the guidelines. *See* Appellant's brief at 30. Therefore, it must be affirmed unless it is clearly unreasonable. While reasonableness is not defined in the statute, it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that his sentence was unreasonable because the court did not "give appropriate weight" to his long-standing addiction issues, the relapse he suffered immediately prior to the incident, the treatment that he needs for his mental health diagnoses, and his strong family support system. Appellant's brief at 30. Appellant's claim is belied by the record.

The certified record demonstrates that the trial court properly relied on several factors in electing to impose a standard range sentence, all of which demonstrated that the court followed the general principles outlined in § 9721(b), *i.e.*, that the sentence be consistent with the protection of the public, gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender. In fashioning the judgment of sentence, the trial court noted the sentencing guidelines, that it had reviewed the PSI several times, and accepted an amendment to the PSI from the defense indicating that Appellant was suffering from addiction issues at the time of the offense. *See* N.T. Sentencing Hearing, 10/22/19, at 3-6. Additionally, the court heard from the defense attorney, who detailed Appellant's heroin addiction struggles, mental health diagnoses for depression and anxiety, and the composition of his family support system. *Id*. at 6-8. Finally, Appellant spoke, apologizing for his actions and indicating his intention to overcome his addiction and mental health issues. *Id*. at 8. Having taken all this into consideration, the court then issued the aforementioned sentence.

Appellant has failed to persuade us that he received an unreasonable sentence. Our review confirms that the trial court was aware of, considered, and weighed Appellant's mitigating factors, along with other relevant sentencing factors. The court found compelling the fact that while Appellant indicated an eagerness to engage in treatment and get back to his family, the PSI detailed three pages of prior convictions, which included two prior retail thefts in the same county where his support system was located. *Id*. at 8-9. Also, Appellant escalated the situation from a theft to a robbery when he bit the victim. *Id*. at 9. Viewing the addiction-induced circumstances of the crime, in light of Appellant's prior record, the court determined that Appellant needed a lengthy period of supervision. *Id*. at 9-11. We have no license to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra* at 778. Accordingly, we find that the trial court acted well within its discretion when it issued a sentence within the standard range of the sentencing guidelines. We affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020

- 11 -

PD'S

COURT OF COMMON PLEAS OF BERKS COUNTY – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA:   No. CP-06-CR-0005432-2018

                        :

-v-                      :   **1682 MDA 2019**

                        :

WILLIAM WAYNE DELVALLE    :   Patrick T. Barrett, J.

## Pa.R.A.P. 1925(a)(1) OPINION

### I. Background

On June 11, 2019, Defendant/Appellant, William Delvalle was convicted following a jury trial of robbery, theft of movable property by unlawful taking, and simple assault. Defendant was sentenced on July 29, 2019 to an aggregate period of thirty months to ten years' confinement. On August 7, 2019 Defendant filed timely post-sentence motions, which the court denied on October 3, 2019.

Defendant filed a timely Notice of Appeal to the Superior Court on October 9, 2019. On October 25, 2019, this Court directed Defendant to file and serve upon it a concise statement of matters complained of on appeal within thirty days.

BERKS COUNTY, PA

2020 FEB -7 PM 3:52

CLERK OF COURTS

Defendant did not file a timely statement. On January 15, 2020, the Superior Court remanded the matter for the filing of a statement and an opinion. Defendant's Concise Statement of Errors Complained of on Appeal (hereinafter, "Statement") asserts, verbatim:

1. The evidence was insufficient to support a guilty verdict of Robbery (F2), where the Commonwealth did not establish, beyond a reasonable doubt, that Defendant caused bodily injury to the loss prevention officer.

2. The evidence was insufficient to support a guilty verdict of Simple Assault (M2) where the Commonwealth did not establish, beyond a reasonable doubt, that Defendant attempted to or cause bodily injury to the loss prevention officer.

3. The guilty verdicts for Robbery and Simple Assault were in error and against the weight of the evidence presented at trial where the evidence supported the conclusion that the Defendant acted in self-defense in causing injury to the loss prevention officer during flight from theft.

4. The trial court abused its discretion by imposing a sentence of not less than thirty (30) months to no more than ten (10) years incarceration, which was at the top of the standard range as was excessive when considering the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and the community, and the rehabilitative needs of the Defendant.

Statement (01/22/20).

## II. Discussion

The crimes for which Defendant was convicted are codified as follows:

### § 3701. Robbery

**(a) Offense defined.--**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury.

...

18 Pa.C.S. § 3701(a)(1)(iv).

### § 3921. Theft by unlawful taking or disposition

(a) Movable property.--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

. . .

18 Pa.C.S. § 3921(a).

### § 2701. Simple Assault

**(a) Offense defined.--**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another

...

18 Pa.C.S. § 2701(a)(1).

<u>Statements of Error # 1 & 2</u>

Defendant's first two claims of error deal with sufficiency of the evidence to support convictions for robbery and simple assault. Both claim that the

Commonwealth did not establish beyond a reasonable doubt that Defendant caused bodily injury to another. In this case, Defendant was charged with inflicting bodily injury upon a loss prevention officer while fleeing a Boscov's department store after committing or trying to commit theft by unlawful taking of three bottles of cologne.

The court instructed the jury regarding "bodily injury" for both robbery and simple assault as follows:

> "Bodily injury" means impairment of physical condition or substantial pain. Bruises, scratches or experiencing pain or soreness as a result of being physically struck by another is sufficient to constitute "bodily injury." A person does not need to undergo subsequent medical treatment in order to have suffered "bodily injury." Substantial pain may be inferred from the circumstances surrounding the physical force used, even in the absence of significant injury.

N.T. Jury Trial (06/10/19 – 06/11/19) at 246, 248-249.

Defendant does not claim in his Statement that the court erred or abused its discretion when it denied his motions for judgement of acquittal based on sufficiency of the evidence, which he raised before the trial court following the Commonwealth's evidence at trial and in post-sentence motions. Of course, a defendant may challenge the sufficiency of the evidence to sustain a conviction on appeal. *See* Pa.R.Crim.P. 606(A)(7). Because a challenge under this subsection

does not involve a claim of error or an order entered by the trial court, there is no need for the trial court to address such claims in an opinion pursuant to Pa.R.A.P. 1925 (i.e., there is no challenge to an order, ruling, or other error by the trial court). *See* Pa.R.A.P. 1925(a)(the judge who entered the order giving rise to the notice of appeal shall file of record "at least a brief opinion of the reasons for *the order, or for the rulings or other errors complained of...*" (emphasis added)).

That said, when such a challenge is made this Court normally specifies the place in the record where evidence supporting a particular element or elements may be found. Instantly, the Commonwealth called the victim, loss prevention officer Brian Bilous, as a witness. Mr. Bilous testified that Defendant "did latch down onto my right forearm, starting to bite in that area." N.T. Jury Trial at 99. Mr. Bilous continued:

> I tried to remove my arm from [Defendant's] mouth at that point in time, but he would not let go. At that point I did attempt to strike the subject to have him release his bite from my arm, but he did not. After -- I don't know the exact time, possibly a few seconds, the subject did eventually release. As I was trying to get my arm away from him, from the front of his body, he did bite again onto my hand, right where my right thumb is. And that wasn't the same amount of pressure as the bite on my forearm, but it was just another bite location that he did latch down on temporarily, my right thumb.

N.T. Jury Trial at 100. Mr. Bilous further testified that the bites caused him to bleed (*Id.* at 105), that the bites hurt (*Id.* at 101), and that he sought and received

medical treatment at the Reading Hospital for the injuries (*Id.* at 103). The Commonwealth also introduced photographs of the bite marks. *Id.* at 104 (Commonwealth's Exhibits 1 and 2).

This evidence is sufficient to establish beyond a reasonable doubt that Defendant inflicted bodily injury upon another (robbery) and/or caused bodily injury to another (simple assault).

## Statement of Error # 3

In his third claim, Defendant concedes that he caused injury to Mr. Bilous. He states: "The guilty verdicts for Robbery and Simple Assault were in error and against the weight of the evidence presented at trial where the evidence supported the conclusion that the Defendant acted in self-defense in causing injury to the loss prevention officer during flight from theft." Statement, ¶ 3.

Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion. *See Commonwealth v. Widmer*, 689 A.2d 211 (Pa. 1997), and *Commonwealth v. Brown*, 648 A.2d 1177, 1189-1192 (Pa. 1994). Instantly, Defendant does not claim on appeal that this Court abused its discretion in denying a post-sentence motion challenging the weight of the evidence. Nevertheless, the court did consider and reject this claim. *See* Post-Sentence Motions (08/07/19) at ¶ 6(a).

A new trial should be awarded "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 648 A.2d at 1189, *Commonwealth v. Whitney*, 512 A.2d 1152, 1155-1156 (Pa. 1986). Because this case involves a jury verdict, in considering post-sentence motions, "the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Widmer*, 744 A.2d at 752 (citation omitted).

Defendant's bare assertion in his post-sentence motion that, "the evidence supported the conclusion that Defendant acted in self-defense in causing injury," without any reference to specific testimony from the trial to support his claim violates the mandate under Pa.R.Crim.P. 720(B)(1)(a) that all requests for relief from the trial court shall be stated with specificity and particularity. In this case, to award a new trial based on the weight of the evidence would require the court to consider specific evidence, but Defendant did not direct the court to any facts to support his claim. While it follows that he relies on his own testimony from trial, he nevertheless does not specify why such testimony deserves greater weight than the evidence introduced by the Commonwealth.

The jury obviously chose to disbelieve Defendant's testimony regarding self-defense. "The jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011). This court has no reason to disturb its credibility determinations on post-sentence motions. Accordingly, Defendant's post-sentence motion for a new trial was denied.

Statement of Error # 4

Defendant's final contention is that the court abused its discretion in imposing a sentence of thirty to one hundred twenty months' imprisonment, with credit for 263 days served, for robbery. The remaining charges merged for sentencing.

In this case, the robbery was graded as a felony of the second degree. *See* 18 Pa.C.S. § 3701. Defendant had a prior record score of five and the offense gravity score for robbery is seven, making the standard range twenty-four to thirty months. The court reviewed a pre-sentence investigation report and reviewed a letter written by the victim, Mr. Bilous, prior to imposing its sentence.

The reasons for the sentence appear of record. *See* Sentencing Transcript (07/29/19) at 8-10. Importantly, the pre-sentence report contains three pages of prior crimes involving theft and drugs dating back to 1994, and Defendant escalated the situation from a theft to robbery by biting Mr. Bilous. *Id.* The court

imposed a standard range minimum sentence of thirty months but determined that Defendant "needs to be supervised way beyond" the four years called for under the guidelines given his criminal record. Accordingly, the court imposed a sentence of thirty to one hundred twenty months.

BY THE COURT:

Patrick T. Barrett, J.

*Distribution*
Superior Court
Defendant
Berks PD
Berks DA
Judge Barrett