J-S14028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY VERGA | : | |
| | : | |
| Appellant | : | No. 1544 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 12, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2018-06807

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 15, 2021**

Appellant, Anthony Verga, appeals from the Judgment of Sentence entered after the trial court found him in Indirect Criminal Contempt ("ICC").[1] This appeal returns to us after remand for filing of an Advocate's Brief and Rule 1925(a) Opinion. After careful review, we reverse Appellant's conviction and vacate his Judgment of Sentence.

In June 2018, CMV obtained a temporary protection order against Appellant. On January 3, 2019, after a hearing, the trial court issued a Final Protection from Abuse Order ("PFA Order") against Appellant. Appellant was not present when the court issued the final PFA Order. The final PFA Order barred Appellant from, *inter alia*, harassing CMV for three years.

---

[1] 23 Pa.C.S. § 6114(a).

Of most importance to this appeal, the docket does not indicate that the prothonotary sent a copy of the PFA Order to Appellant or anyone served Appellant with the PFA Order. There is likewise nothing in the certified record indicating that Appellant had notice of the Order.[2]

On May 10, 2020, CMV discovered a public post on Appellant's Facebook page, which listed CMV's name and cell phone number and suggested that people contact CMV to solicit sex. Based on this post, the Commonwealth filed a Petition for ICC.

On November 12, 2020, the court held a bench trial on the ICC charge. Appellant and his counsel were present.[3] CMV was the only witness to testify. She testified regarding the Facebook post and the Commonwealth entered that post into evidence.

CMV did not testify about the contents of the PFA Order and the Commonwealth failed to enter a copy of the PFA Order into evidence. Additionally, the Commonwealth presented no evidence that Appellant had notice of the PFA Order. The court nonetheless found Appellant guilty of ICC of the PFA Order and sentenced him to six months' probation.

---

[2] We are mindful that the absence of service does not stay the effect of a valid PFA Order. 23 Pa.C.S. § 6106(g). **See Commonwealth v. Padilla**, 885 A.2d 994, 997 (Pa. Super. 2005). However, as discussed *infra*, in the context of a claim of ICC, proof that the contemnor had notice of the order is required.

[3] Appellant presented no testimony or other evidence at the ICC hearing.

Appellant timely appealed. Counsel thereafter filed a Statement of Intent to File an **Anders**[4] Brief and Motion to Withdraw as counsel. Accordingly, the trial court did not initially file a substantive Rule 1925(a) Opinion.

In his **Anders** Brief, Appellant's counsel challenged the weight of the Commonwealth's evidence that Appellant made the subject Facebook post at a time when the final PFA Order forbade such conduct. **Anders** Br. at 5-9. After reviewing the record, we concluded that this issue was without merit. **Commonwealth v. Verga**, No. 1544 MDA 2020, at 5 (Pa. Super. filed June 9, 2021) (unpublished memorandum). We then conducted our compulsory review of the record in accordance with **Commonwealth v. Dempster**, 187 A.3d 266, 271-72 (Pa. Super. 2018) (*en banc*). We identified potentially meritorious issues with the sufficiency of the Commonwealth's evidence to convict Appellant of ICC. **See Verga**, **supra** at 6. We, therefore, remanded for the filing of an Advocate's Brief addressing our sufficiency concerns and directed the trial court to file a Pa.R.A.P. 1925(a) Opinion explaining the evidence it relied on to find that the Commonwealth satisfied its burden to prove each element of ICC. **Id.** The trial court and Appellant complied with our remand Order. The Commonwealth has filed an Appellee's Brief.

In his brief, Appellant challenges, *inter alia*, the sufficiency of the Commonwealth's evidence to satisfy the notice requirement of ICC.

---

[4] **Anders v. California**, 386 U.S. 738 (1967).

Appellant's Br. at 8-12. He argues that the Commonwealth failed to establish that Appellant had notice of the PFA Order. *Id.* at 9. Appellant likewise challenges the trial court's finding that because the docket does not show the PFA Order returned as undeliverable, Appellant must have had notice of the PFA Order. *Id.* at 10-12.

"We review a contempt conviction for an abuse of discretion." ***Commonwealth v. Felder***, 176 A.3d 331, 333 (Pa. Super. 2017). When reviewing the sufficiency of the evidence, we consider the evidence admitted at trial in a light most favorable to the Commonwealth as the verdict winner. ***Commonwealth v. Taylor***, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*). We must determine if the evidence is sufficient to enable the fact finder to find every element of the crime beyond a reasonable doubt. ***Commonwealth v. Brumbaugh***, 932 A.2d 108, 109 (Pa. Super. 2007).

> To establish ICC, the Commonwealth must prove that:
>
> (1) the [PFA] Order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited;
>
> (2) the contemnor had notice of the Order;
>
> (3) the act constituting the violation must have been volitional; and
>
> (4) the contemnor must have acted with wrongful intent.

*Id.* at 110.

To satisfy the ICC's notice element, the Commonwealth must prove "actual notice or its equivalent [] in the absence of personal service." ***Commonwealth v. Padilla***, 885 A.2d 994, 997 (Pa. Super. 2005) (affirming

ICC conviction where notice requirement satisfied by phone call from police officer to defendant informing defendant of PFA); ***Commonwealth v. Staton***, 38 A.3d 785, 794-95 (Pa. 2012) (concluding that evidence that testifying witness had informed defendant of PFA order and that defendant hid when sheriff attempted service of the PFA order sufficient to establish notice requirement); ***Commonwealth v. Wilson***, 338 WDA 2020, 2021 WL 2904890 at *2-*3 (Pa. Super. filed July 9, 2021) (non-precedential decision) (reversing ICC conviction where Commonwealth's evidence proved that defendant had notice of a temporary PFA order and of a scheduled final PFA hearing but did not prove notice of the final PFA order).

In its Rule 1925(a) Opinion after remand, the trial court explains that it found that the Commonwealth satisfied the notice requirement. It first reasons that, because its "review of the official docket and the PFA record indicated the [final] PFA Order never returned undeliverable[,]" then Appellant must have received the final PFA Order. Trial Ct. Op., 6/28/21, at 4. The court alternatively opines that it "interpreted [Appellant's] lack of challenge to the [final] PFA Order's service and actual challenge to Appellant's volition as an acknowledgment that Appellant was aware of the [final] PFA Order." ***Id.***

The court's first line of reasoning is unsupported by the record. The docket certified on appeal does not indicate that the prothonotary sent a copy of the PFA Order to Appellant. It likewise does not indicate that anyone served Appellant a copy of the PFA Order. In light of the lack of indication that anyone sent Appellant a copy of the PFA Order, it is unreasonable to assume that

because the docket entries do not provide that a copy of the PFA Order returned as undeliverable, Appellant received the PFA Order.

Moreover, as stated above, Appellant was not present when the PFA court entered the PFA Order against him and, thus, did not receive notice of the PFA Order at the hearing. The Commonwealth likewise presented no evidence to establish that anyone told Appellant about the PFA Order or that Appellant otherwise knew of the PFA Order. Thus, there is no evidence in the record that Appellant had notice of the PFA Order and the record does not support the court's finding that Appellant had notice.

The court's second line of reasoning is flawed as a matter of law. Its finding that the Commonwealth satisfied the notice element of ICC because Appellant remained silent, placed the burden upon the defendant to disprove an element of the crime charged, violating Appellant's presumption of innocence. *See Commonwealth v. Salter*, 858 A.2d 610, 616 (Pa. Super. 2004) ("Placing the burden of production on the defendant under the threat of [conviction] would run afoul of the presumption of innocence, as well as the defendant's privilege to decline to testify."). This is error. *See id.*

Since the record does not support the trial court's finding that Appellant had notice of the PFA Order, we are constrained to reverse Appellant's ICC conviction and vacate his judgment of sentence.

Conviction reversed. Judgment of Sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2021