J-A08028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND THOMPSON | : | |
| | : | |
| Appellant | : | No. 1835 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007870-2023

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 22, 2025**

Raymond Thompson appeals from the judgment of sentence entered following his guilty plea to third-degree murder and possession of instrument of crime.[1] Thompson challenges the discretionary aspects of his sentence. We affirm.

In April 2024, Thompson entered a guilty plea to the above-referenced charges. In June 2024, the trial court sentenced him to an aggregate sentence of 22½ to 45 years' incarceration. Thompson did not file a post-sentence motion or challenge the sentence at the sentencing hearing. He filed a timely notice of appeal.

Thompson raises the following issue: "Did the trial judge abuse her discretion by imposing a manifestly excessive sentence, when both sentences

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

were consecutive, where the trial judge failed to adequately consider [Thompson's] mental health issues and remorse as mitigation?" Thompson's Br. at 7.

Thompson argues the trial court abused its discretion when sentencing him by imposing a manifestly excessive sentence. He points out the court imposed the sentences consecutively and claims the court failed to adequately consider mitigation evidence of Thompson's mental health issues and remorse.

Thompson's issue challenges the discretionary aspects of his sentence. Before reviewing the merits of such a challenge, this Court must first determine whether the appellant: 1) filed a timely appeal; 2) preserved the claim at sentencing or in a post-sentence motion; 3) included in the appellate brief a concise statement of reasons relied upon for allowance of appeal; and 4) raised a substantial question. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Here, Thompson failed to satisfy the second requirement. Thompson did not file a post-sentence motion raising this discretionary issue or raise the issue at the sentencing hearing. Therefore, he did not preserve it and waived it on direct appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (stating claims challenging discretionary aspects of sentence must be raised in post-sentence motion or at sentencing, and the failure to do so results in waiver).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/22/2025</u>