J-S09020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LASKEY | : | |
| | : | |
| Appellant | : | No. 2131 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 30, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005951-2022

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                           **FILED APRIL 7, 2026**

Mark Laskey ("Laskey") appeals from the judgment of sentence imposed following his guilty pleas to two counts of involuntary deviate sexual intercourse with a child ("IDSI").[1]  These are Tier III offenses under the Pennsylvania Sex Offender Registration and Notification Act[2] ("SORNA"), carrying lifetime registration;[3] additionally, the trial court found that Laskey is a sexually violent predator ("SVP").  Laskey's court-appointed counsel, Michael Huff, Esquire ("Attorney Huff"), has filed an application to withdraw from representation and a brief styled pursuant to ***Anders v. California***, 386

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 3123(b).

[2] ***See*** 42 Pa.C.S.A. §§ 9799.10-9799.75.

[3] ***See*** 42 Pa.C.S.A. §§ 9799.14(d)(4), 9799.15(a)(3).

U.S. 738 (1967). We grant Attorney Huff's application and affirm the judgment of sentence.

On January 30, 2024, Laskey entered a negotiated guilty plea to two counts of IDSI. These charges arose from Laskey's abuse of his paramour's two daughters, both under the age of thirteen, from 2010 through 2017. The trial court imposed the agreed-upon aggregate sentence of five to ten years' imprisonment, followed by three years' probation. As noted above, each IDSI conviction was a Tier III sexual offense under Subchapter H of SORNA, triggering lifetime registration.[4] Laskey objected to the registration requirements on the grounds it violated his Pennsylvania constitutional right to reputation and it was an illegal sentence in excess of the statutory maximum. We note that at this time, a final decision in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) (discussed **infra**), which would govern this issue, was pending before the Pennsylvania Supreme Court.

Laskey filed a timely post-sentence motion, again challenging the imposition of SORNA requirements as unconstitutional. The trial court did not rule on this motion.

On September 13, 2024, the court convened a hearing to determine whether Laskey is an SVP. Laskey, however, waived his right to a hearing

---

[4] We note that some of Laskey's conduct, committed before December 20, 2012, would expose him to SORNA registration under Subchapter I. **See** 42 Pa.C.S.A. § 9799.52. However, Laskey made no challenge to Subchapter I requirements before the trial court, and thus we do not consider any.

J-S09020-26

and agreed "to be adjudicated an SVP in this case." N.T., 9/13/24, at 4. Nevertheless, the trial court heard victim impact statements from the two victims, as well as their grandmother. The trial court concluded that Laskey is an SVP.

Subsequently, the trial court reinstated Laskey's direct appeal rights *nunc pro tunc* and appointed Attorney Huff.[5] Attorney Huff then filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

As stated above, Attorney Huff has filed in this Court an application to withdraw from representation and an **Anders** brief. "Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny," including

_____

[5] Laskey filed a post-sentence motion on February 2, 2024. After 120 days had passed, the court clerk did not enter an order denying the motion by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(b) (providing that if the trial judge does not decide a post-sentence motion within 120 days, "the motion shall be deemed denied by operation of law"), (c) (stating that "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and . . . serve a copy of the order on [the parties], that the post-sentence motion is deemed denied").

We note that meanwhile, the trial court conducted the SVP hearing on September 13, 2024. Almost five months later, on February 6, 2025, Laskey filed a *pro se* petition under the Post Conviction Relief Act. **See** 42 Pa.C.S.A. §§ 9541-9546. The trial court found that the lack of an order and notice for the denial of Laskey's post-sentence motion by operation of law was a breakdown in court operations. Accordingly, on July 11, 2025, the court reinstated Laskey's direct appeal rights *nunc pro tunc* and appointed Attorney Huff. Laskey then filed a timely notice of appeal on Laskey's behalf.

- 3 -

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). This Court has explained:

> Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. Also, counsel must provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel.
>
> The substance of the *Anders* brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." [*Santiago*, 978 A.2d at 361.]

*Id*. (some citations omitted).

If counsel's brief complies with the above requirements, this Court then conducts "a full examination" of the record "to decide whether the case is wholly frivolous." *Id*. at 271 (citation and emphases omitted). If we similarly conclude the appeal is frivolous, we may grant counsel's petition to withdraw and affirm the judgment of sentence. *See id*.

Here, in the *Anders* brief, Attorney Huff thoroughly summarized the underlying procedural history with citations to the record, discusses the issues arguably supporting the appeal, and explains why he concluded the issues were frivolous, discussing at length the Supreme Court's ultimate decision in *Torsilieri*. *See Anders Brief* at 7-16. In his application to withdraw,

Attorney Huff states that he provided a copy of the **Anders** brief to Laskey and advised him, by letter, that he has a right to retain private counsel and proceed *pro se*. In the letter to Laskey, which is attached to Attorney Huff's withdrawal application, counsel advised Laskey that "SORNA has been ruled constitutional and therefore there are no remaining issues for . . . appeal in [his] professional opinion." Letter from Attorney Huff, 11/17/25, Exh. A to Motion for Leave of Court to Withdraw as Counsel, 12/2/25.

In light of the foregoing, we determine Attorney Huff has substantially complied with the requirements of **Anders** and **Santiago**. **See Dempster**, 187 A.3d at 270. We thus proceed to independently review the record to determine whether the appeal is frivolous. **See id**. at 270-71.

In the **Anders** brief, Attorney Huff identifies the following issue for our review:

> Whether there are any issues of arguable merit that could be raised on direct appeal from the denial of [Laskey's] challenge that SORNA is unconstitutional and whether the appeal in this case is wholly frivolous?

**Anders** Brief at 4. As noted above, at the combined plea and sentencing hearing, Laskey argued, under the then-pending decision in **Torsilieri**, 316 A.3d 77, that the registration requirements under Subchapter H of SORNA violated his right to reputation and would be "an illegal sentence in excess of the statutory maximum." N.T., 1/30/24, at 4.

"Generally, the constitutionality of legislation is a pure question of law for which the scope of review is plenary, and the standard of review is *de novo*." **Torsilieri**, 316 A.3d at 86.

We note that in May 2024, after Laskey's filing of a post-sentence motion, the Pennsylvania Supreme Court issued a decision in **Torsilieri**, denying relief on the same constitutional challenges that Laskey has raised. Specifically, the Court held that the defendant:

> [(1)] failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of reoffense, is constitutionally infirm[; and (2)] failed to meet his burden in demonstrating that Subchapter H constitutes criminal punishment.

**Torsilieri**, 316 A.3d at 110. In sum, the **Torsilieri** Court upheld the constitutionality of Subchapter H. This decision was in effect at the time Laskey filed a notice of appeal.

Based upon our review of the record and the relevant law, we determine that Laskey's challenge, to his Subchapter H registration requirements, is wholly frivolous. We reiterate that the **Torsilieri** Supreme Court has rejected the same constitutional claims.

Accordingly, we grant Attorney Huff's application to withdraw and affirm Laskey's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/7/2026</u>