J-A03027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAYE NEHWON KILIKPO, JR. | : | |
| | : | |
| Appellant | : | No. 529 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 4, 2020,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0001628-2019.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: JUNE 3, 2021**

Saye Nehwon Kilikpo, Jr., appeals from the judgment of sentence imposed after a jury convicted him of multiple offenses.  Additionally, Kilikpo's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

This case arises from the following facts.  On July 2, 2019, Trent Schaeffer, Kori McCabe, and Steven Rhoades went to a house on Race Street in Pottsville, Pennsylvania.  There, Kilikpo approached Schaeffer and asked if they could talk.  Schaeffer agreed, and they went to the back of the house.  Kilikpo then pulled out a gun and put it against Schaeffer's neck.  Kameerah Able-Clark, who was with Kilikpo, pulled out a knife and made threats.  Kilikpo told Clark to take Schaeffer's phone and wallet from his pocket; Clark

complied. A fight ensued over the gun. When the gun fell to the floor, Schaeffer ran from the house to the car; Kilikpo chased after him. While Schaeffer was trying to start the car, Kilikpo jumped in and slashed Schaeffer's face with a knife. Later, Clark saw Kilikpo pour bleach on a knife and throw away his blood-stained clothes. Kilikpo was arrested and charged.

A jury convicted Kilikpo of robbery, criminal conspiracy, aggravated assault with a deadly weapon, corruption of minors, theft by unlawful taking, receiving stolen property, possessing instruments of crime, prohibited offensive weapon, and simple assault.[1] The trial court sentenced Kilikpo to an aggregate sentence of 12 ½ to 25 years of imprisonment.

Kilikpo filed this timely appeal. Counsel filed a petition to withdraw from representation and an ***Anders*** brief with this Court. Kilikpo did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

Before we may consider the issues raised in the ***Anders*** brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 2702(a)(4), 6301(a)(1)(ii), 3921(a), 907(a), 1908(a), and 2701(a).

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Kilikpo's

- 3 -

appeal is frivolous.  Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**.  Finally, the record included a copy of the letter that counsel sent to Kilikpo stating counsel's intention to seek permission to withdraw, and advising Kilikpo of his right to proceed *pro se* or retain new counsel and file additional claims.  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Kilikpo's appeal is wholly frivolous.

In the **Anders** brief, Kilikpo claims that, during closing argument, the Commonwealth improperly implied that he contacted witness Rhoades prior to trial, and that was the reason why Rhoades refused to testify.  **Anders** Brief at 10.  However, because there was no evidence to support the Commonwealth's claim, this was improper.  Accordingly, Kilikpo maintains that he is entitled to a new trial.  **Id.**

Initially, we observe that, although counsel objected to the prosecutor's statement, no mistrial was requested.  In order to potentially be granted a new trial on this basis, Kilikpo would have to have requested a mistrial. Generally, a party must request a mistrial prior to the matter going to the jury in order to preserve the issue for appeal.  Failure to do so results in the issue being waived.  **Commonwealth v. Ables**, 590 A.2d 334, 340 (Pa. Super. 1991) ("A defendant is required to request a mistrial because of an event prejudicial to him when the event is disclosed.  Since appellant failed to move

for a mistrial, he cannot now complain that the court erred in failing to grant a mistrial when no such motion was made. We therefore deem this issue waived"). Here, counsel only requested a curative instruction. Therefore, this issue is waived and therefore frivolous. Nonetheless, even if Kilikpo had not waived this issue, Kilikpo would not have been entitled to a new trial under the circumstances of his trial.

Kilikpo is correct that it is inappropriate for a prosecutor to intentionally misstate the evidence or mislead the jury as to the inferences it may draw therefrom. Further, under certain circumstances this may constitute prosecutorial misconduct justifying a new trial. However, when considering a claim of prosecutorial misconduct in a closing statement, we note that:

> [g]enerally, comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict.

***Commonwealth v. Correa**,* 664 A.2d 607, 609 (Pa. Super. 1995) (*citing* ***Commonwealth v. Jubilee**,* 589 A.2d 1112, 1114 (Pa. Super. 1991)). Review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. ***Commonwealth v. Rios**,* 721 A.2d 1049, 1054 (Pa. 1998).

Here, during closing argument, the Commonwealth stated, "You notice Mr. Rhoades' name wasn't on that list because Mr. Rhoades had been gotten to before . . ." N.T. 2/3/20, at 162. Defense counsel quickly objected. At

sidebar, the court agreed that there was no evidence to support the Commonwealth's claim, and the Commonwealth agreed to withdraw it. Upon defense counsel's request, the trial court issued an appropriate curative instruction advising the jury that it could not infer what Rhoades would have testified to or assume why he did not remember anything. The court also told the jury that there were no facts to support the Commonwealth's claim. Furthermore, the evidence of Kilikpo's criminal conduct was substantial. Consequently, any prejudice caused by the Commonwealth's statement, if at all, was minimal given the extent of the Commonwealth's evidence against Kilikpo and the court's curative instruction. Under these circumstances, the Commonwealth's statement was not such that it would have affected the jury's ability to weigh the evidence properly, and therefore did not constitute reversible warranting a new trial.

The only other issue Kilikpo potentially could raise, counsel suggests, is whether there was sufficient evidence to sustain Kilikpo's robbery conviction. At trial, the evidence showed that it was not Kilikpo who went through Schaeffer's pockets and removed his wallet and phone. Instead, it was Clark. *Anders* Brief at 11. As counsel recognizes, this issue is also without merit.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most

favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. . . . It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. . . . [A]s an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

**Commonwealth v. Palmer**, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted), *appeal denied*, 204 A.3d 924 (Pa. 2019).

To sustain a conviction for robbery, the Commonwealth must demonstrate that the defendant was in the course of committing a theft. 18 Pa.C.S.A. 3701(a)(1). Additionally, we observe that it is well-established that one can be found criminally liable for another's conduct. In **Commonwealth v. Fisher**, 80 A.3d 1186 (Pa. 2013), our Supreme Court noted:

Where the existence of a conspiracy is established, the law imposes upon a conspirator full responsibility for the natural and probable consequences of acts committed by his fellow conspirator or conspirators if such acts are done in pursuance of the common design or purpose of the conspiracy.

**Id.** at 1192.

Furthermore, in **Commonwealth v. Murphy**, 844 A.2d 1228 (Pa. 2004), our Supreme Court noted:

[A] defendant, who was not a principal actor in committing the crime, may nevertheless be liable for the crime if he was an accomplice of a principal actor.

**Id.** 1234 (citing 18 Pa.C.S. § 306). An accomplice is equally criminally liable for the acts of another if he acts with the intent of promoting or facilitating the commission of an offense and agrees, aids, or attempts to aid such other

- 7 -

person in either planning or committing that offense. **Commonwealth v. Spotz**, 716 A.2d 580, 589 (Pa. 1998).

Here, the evidence clearly showed that Kilikpo was directly and actively involved with the robbery of Schaeffer. Several witnesses testified that Kilikpo, while holding Schaeffer at gunpoint, instructed Clark to empty Schaeffer's pockets. Additionally, the evidence showed that Kilikpo and Clark worked as a team to rob Schaeffer. As such, Kilikpo is responsible for Clark's criminal conduct.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to convict Kilikpo of robbery.

For the foregoing reasons, we conclude that Kilikpo's issues are wholly frivolous. Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Kilikpo could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/03/2021