J-S14028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY VERGA | : | |
| | : | |
| Appellant | : | No. 1544 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 12, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2018-06807

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 09, 2021**

Appellant, Anthony Verga, appeals from the Judgment of Sentence entered after the trial court found Appellant in Indirect Criminal Contempt ("ICC").[1] With this appeal, Appellant's counsel has filed an ***Anders***[2] Brief and Motion to Withdraw. After careful review, we deny counsel's Motion to Withdraw and remand for the trial court to file a responsive Rule 1925(a) Opinion and for Appellant to file an Advocate's Brief.

On January 3, 2019, the trial court issued a Final Protection from Abuse Order ("PFA") against Appellant. The Order barred Appellant from, *inter alia*,

---

[1] 23 Pa.C.S. § 6114(a).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

harassing the victim, CMV, for three years.[3] Appellant was not present when the court issued the PFA.

On May 10, 2020, CMV discovered a public post on Appellant's Facebook page, which listed CMV's name and cell phone number and suggested that people contact CMV to solicit sex. This post forms the basis of the instant contempt action.

The court held a bench trial[4] on Appellant's ICC charge on November 12, 2020. CMV was the only witness to testify. She testified regarding the Facebook post, and the Commonwealth entered the post into evidence. She did not testify about the contents of the PFA, and the Commonwealth did not enter the PFA into evidence. The court nonetheless found Appellant guilty of ICC of the PFA.

After the court found Appellant guilty, but before sentencing, Appellant admitted that he made the subject Facebook post. He stated, however, that he made the post in August 2018, before he was subject to the PFA. The trial court went on to sentence Appellant to six months of probation.

Appellant timely filed a Notice of Appeal. Counsel thereafter filed a Statement of Intent to File an *Anders* Brief. *See* Pa.R.A.P. 1925(c)(4). Accordingly, the trial court did not file a substantive Rule 1925(a) Opinion.

_____

[3] The PFA is included in the certified record but, as discussed *infra*, the Commonwealth did not introduce it into the evidentiary record at Appellant's ICC trial.

[4] The trial court refers to Appellant's bench trial as a "hearing."

As a preliminary matter, we address counsel's request to withdraw. "When presented with an *Anders* Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). For counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will first address the substantive issue raised in the *Anders* Brief. Subsequently, we

must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence supporting his ICC conviction. *Anders* Br. at 5-7. We review a contempt conviction for an abuse of discretion. *Commonwealth v. Felder*, 176 A.3d 331, 333 (Pa. Super. 2017). We consider the evidence admitted at trial in a light most favorable to the Commonwealth since it was the verdict winner. *Commonwealth v. Taylor*, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*). The evidence is legally sufficient only if it proves each element of the offense charged beyond a reasonable doubt. *Id.*

An ICC charge consists of a claim that a violation of an Order of court occurred outside the court's presence. *Commonwealth v. Brumbaugh*, 932 A.2d 108, 110 (Pa. Super. 2007). To establish indirect criminal contempt, the Commonwealth must prove that:

> (1) the [PFA] Order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited;
>
> (2) the contemnor had notice of the Order;
>
> (3) the act constituting the violation must have been volitional; and
>
> (4) the contemnor must have acted with wrongful intent.

*Id.* at 110. "As with those accused of any crime, one charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford." *Id.* (citation and quotation marks omitted).

Appellant challenges the sufficiency of the Commonwealth's evidence to satisfy the third and fourth elements of ICC. *Anders* Br. at 5-7. He emphasizes that he told the court, after the court closed the evidentiary record at his trial, that he made the Facebook post in August 2018. *Id.* Therefore, because he made the post before the PFA existed, Appellant cannot be found to have acted with volition and wrongful intent. *Id.* Appellant acknowledges that this admission was not record evidence in his contempt trial. *Id.* at 8.

Appellant asks this Court to consider evidence not admitted at trial. We cannot and will not do so. It is axiomatic that, "when determining whether the evidence is sufficient to support a conviction, we look to the evidence admitted at trial. We do not look to evidence 'of record' at other stages of the proceedings, such as sentencing." *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013) (citation omitted). *See also Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009) ("Reliance on documents not admitted into evidence is error.").

Since Appellant's after-hearing statement does not constitute record evidence, we cannot consider it for purposes of sufficiency review. Thus, the issue raised in the *Anders* Brief warrants no relief.

Having determined that the argument raised in the *Anders* Brief is frivolous, it remains for this Court to conduct a simple review of the record to

determine if any arguably meritorious issues exist. **_Dempster_**, **_supra_**. After review, it is not clear to us that the Commonwealth's evidence was sufficient to prove every element of ICC. Of particular concern, the Commonwealth did not introduce the PFA into evidence at Appellant's trial. The absence of the PFA in the trial record raises concerns about the sufficiency of the Commonwealth's evidence to prove that the PFA was sufficiently definite, clear, and specific, and that Appellant acted with wrongful intent.

Since the trial court did not file a Rule 1925(a) Opinion explaining the evidence it relied on to find that the Commonwealth satisfied every element of ICC, and considering our concerns about the absence of the PFA in the trial record, we order as follows: the trial court shall issue a supplemental Opinion pursuant to Pa.R.A.P. 1925(a) within 30 days of the date of this Opinion, identifying the record evidence it relied upon to find that the Commonwealth satisfied each element of ICC. Appellant shall have 30 days from the date that the court files its Rule 1925(a) Opinion to file a responsive Advocate's Brief. The Commonwealth may, if desired, file an Appellee's Brief within 30 days of Appellant's filing of his Advocate's Brief.

Motion to Withdraw denied. Case remanded with instructions. Panel jurisdiction retained.