J-A09023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENEE LEE ROGERS | : | |
| | : | |
| Appellant | : | No. 843 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 19, 2020
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000403-2018

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 8, 2021**

Renee Lee Rogers appeals from the judgment of sentence imposed after she pled guilty to multiple offenses. Additionally, Rogers' counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

The facts in this case are as follows:

On September 26, 2018, Officer Joseph Bees of the Warren City Police Department, was informed that Children and Youth Services (CYS) needed a city police officer to assist with the interviewing of a 12-year-old female. Information was received that [Rogers] was forcing the juvenile to help her sell controlled substances. The juvenile

_____

[*] Retired Senior Judge assigned to the Superior Court.

stated during the interview that on multiple dates, Rogers would make her not only be present for drug deals involving the sale of morphine, but that she was made to hold the money that was received for the deal until they returned home. The juvenile is the daughter of Rogers' paramour, Steven Gaddy. They resided in the same residence. The juvenile also advised that on one specific occasion, they met a man on the bike trail to sell morphine. The defendant then made the juvenile put the money in her pocket and the defendant told her that if the money was marked by police, the juvenile would be at fault because it was in her pocket. The juvenile also described another similar drug transaction in the McDonald's parking lot at night on September 23, 2018. The juvenile stated that Rogers made her get out of bed and they walked to the McDonald's and met the same man they met on the prior occasion. They then sold him morphine at his vehicle. Rogers then made her put the money in her pockets like the previous occasion.

Officer Bees subsequently interviewed the male who purchased the drugs on both occasions, and he confirmed the drug transaction near McDonald's and that the juvenile was present. Upon receiving discovery, defense counsel was made aware of the names of all the parties involved. The juvenile's name was [A.P.]. The man who purchased the drugs was Matthew VanArsdale. Defense counsel also received police officer narratives, DVD interviews of both VanArsdale and the juvenile victim, Rogers' prior record, and a DVD of surveillance footage from a local business, The Warren County Times Observer. This footage was from the night of the second drug sale near the McDonald's parking lot. The footage was very grainy due to it being night time, and it was very difficult to identify who the actors were. All that could be seen was that a person approached a car and reached out their hand. It could not be seen that any item was actually passed in either direction. At the time of sentencing, a letter was provided by the Commonwealth purportedly written by [A.P.]. Judge Hammond referred to the letter as "heartbreaking."

Rogers' Brief at 9 (citations and unnecessary capitalizations omitted).

- 2 -

Rogers was charged with possession with intent to deliver, endangering the welfare of a child, and corruption of minors.[1] On March 3, 2020, Rogers pled guilty to possession with intent to deliver and corruption of minors.[2] On June 19, 2020, the trial court sentenced Rogers to three to nine years of imprisonment.

On July 6, 2020, Rogers filed a *pro se* correspondence, requesting "to put in an appeal for a post sentence modification." In this filing, Rogers also asserted that trial counsel, Attorney John R. Parroccini, was ineffective. That same day, Attorney Parroccini filed a motion to withdraw his appearance based upon Rogers' request. By order entered August 7, 2020, the trial court denied Attorney Parroccini's motion to withdraw, and stated that the Warren County Public Defender's Office would continue to represent Rogers. The trial court further deemed Rogers' *pro se* correspondence to be a timely notice of appeal and directed Rogers to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Thereafter, Attorney Parroccini retired, Attorney Michael P. Kitay, also a public defender, took over Rogers' case. On August 26, 2020, Attorney Kitay requested an extension of time in which to file a Rule 1925(b) statement, which the trial court granted. However, on September 22, 2020, Attorney

---

[1] 35 Pa.C.S.A. § 780-113 (a)(30), and 18 Pa.C.S.A. §§ 4304(a)(1), 6301.

[2] The endangering the welfare of a child was *nolle prossed* pursuant to the plea bargain.

Kitay filed a motion to withdraw appearance. In this motion, he explained that, after speaking with Rogers, he determined that "any other appeal aside from a PCRA would be meritless," since Rogers wished "to argue ineffective assistance of [trial] counsel for various reasons." Attorney Kitay further opined that a conflict of interest existed because Attorney Parroccini was also a public defender, and Attorney Kitay did help by reviewing discovery in Rogers' case and speaking with her on two occasions. Attorney Kitay sought permission for him and the public defender's office to withdraw and for the appointment of new counsel.

By order entered September 23, 2020, the trial court denied Attorney Kitay's motion to withdraw and directed him to file a Rule 1925(b) statement or, in the alternative, a statement of intent to file an **Anders**/**Santiago**[3] pursuant to Pa.R.A.P. 1925(c)(4). Attorney Kitay filed the latter on September 24, 2020 and requested an additional fifteen days to file an **Anders** brief. That same day, the trial court denied the extension of time, but directed Attorney Kitay to seek an extension of time in which to file an **Anders** brief with this Court.[4] After this Court granted two extensions, Attorney Kitay filed an **Anders** brief and a motion to withdraw on January 8, 2021.

---

[3] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[4] In a footnote, the trial court noted that Rogers indicated in her *pro se* filing that all the issues she wished to raise involved ineffective assistance claims, *(Footnote Continued Next Page)*

Before we may consider the issues raised in the ***Anders*** brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

which generally "are not cognizable on direct appeal and are to be deferred to PCRA review." Order, 9/24/20, at 1 n.1 (citations omitted).

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Rogers' appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Rogers stating counsel's intention to seek permission to withdraw and advising Rogers of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will address the merits of the issues he raised and conduct an independent review to determine whether Rogers' appeal is wholly frivolous.

In his *Anders* brief, Attorney Kitay raises three ineffectiveness claims that Rogers wished to raise on direct appeal and explains why he believes they have no merit. Generally, as counsel noted, claims that allege ineffective assistance of counsel cannot be raised on direct appeal. The "general rule of

deferral to PCRA review remains the pertinent law on the appropriate timing of review of claims of ineffective assistance of counsel." **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). Therefore, we agree with Attorney Kitay's assessment that these claims are premature and therefore wholly frivolous for purposes of this direct appeal.[5] Moreover, our independent review of the record reveals no other issues of arguable merit.[6] **Dempster**, **supra**.

In sum, having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021

---

[5] Although counsel also addressed the merits of the ineffectiveness claims in his **Anders** brief, this discussion was not necessary as their consideration must await post-conviction review.

[6] We note Rogers received standard range sentences for each crime, which the trial court chose to run consecutively. Pa.C.S.A. § 9721(a).