J-S17036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMON DUANE COOK | : | |
| | : | |
| Appellant | : | No. 2913 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002232-2022

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 4, 2024**

Appellant, Ramon Duane Cook, appeals from the judgment of sentence of 7 to 14 years' incarceration, imposed after a jury convicted him of two counts of persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1). On appeal, Appellant seeks to challenge his sentence, as well as the weight and sufficiency of the evidence to sustain his convictions. Additionally, Appellant's counsel, Scott J. Werner, Jr., Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court concisely summarized the facts and pertinent procedural history of Appellant's case, as follows:

On August 31, 2021, Ms. Kyra Jones reported to the Parkesburg Police Department that a Smith and Wesson M&P Compact 22 Semi-automatic pistol that was registered in her name was missing from her apartment. She realized the gun was missing after [Appellant] visited her in her apartment on August 25, 2021. In addition, she stated that she had previously given [Appellant] a 9 mm Smith and Wesson handgun in April 2021. [Appellant] sent text messages to Ms. Jones and left her voice mail messages in which he admitted to having both firearms. He requested money from Ms. Jones and he threatened to remove the serial numbers off of both firearms. He was thereafter charged with two (2) counts of [p]ersons not to [p]ossess [f]irearms. He was charged with additional offenses, but these were the only charges on which [Appellant] proceeded to trial. On April 19, 2023, following a jury trial, he was found guilty of both counts.

On June 29, 2023, [Appellant] was sentenced to 4 to 8 years['] incarceration for one count of Persons not to Possess, and a consecutive 3 to 6 years for the second count, for an aggregate sentence of 7 to 14 years['] incarceration.

Order, 10/5/23, at 2 n.1.

Appellant filed a timely, post-sentence motion challenging the sufficiency and weight of the evidence, as well as discretionary aspects of his sentence. On October 5, 2023, the court issued an order denying his motion. Appellant filed a timely notice of appeal. In response to the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney Werner filed a Rule 1925(c)(4) statement of his intent to file an *Anders* brief and a petition to withdraw. On January 30, 2024, the trial court filed an opinion, stating that it agrees with counsel that Appellant has no, non-frivolous issues to raise herein.

On March 11, 2024, Attorney Werner filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an

**Anders** brief, discussing the sentencing, sufficiency, and weight issues that Appellant seeks to raise on appeal. **See Anders** Brief at 10-16. Attorney Werner concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007)….

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to

- 3 -

ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Werner's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority.[1] Attorney Werner also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

_____

[1] We note that there is one portion of Attorney Werner's sufficiency-of-the-evidence argument that appears to be incorrectly referring to facts that were not part of the instant case. *See Anders* Brief at 15-16. However, this misstatement of facts does not significantly impede our review of Appellant's sufficiency claim. Thus, we will overlook counsel's error.

- 4 -

In conducting this review, we have assessed the briefs of the parties, the certified record, and the applicable law. We have also considered the well-reasoned discussion of Appellant's issues set forth by the Honorable Patrick Carmody of the Court of Common Pleas of Chester County in his order denying Appellant's post-sentence motion. *See* Order, 10/5/23, at 1 n.1. Based on Judge Carmody's rationale, we agree with the court, and Attorney Werner, that Appellant's issues are frivolous. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could raise herein. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2024