J-S07019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON ALLAN WILSON-RODRIGUEZ | : | |
| | : | No. 1039 MDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 18, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001775-2022

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 09, 2025**

Brandon Allan Wilson-Rodriguez appeals from the judgment of sentence entered following his guilty plea to unlawful contact with a minor.[1] Defense counsel has filed an ***Anders*** brief[2] and application to withdraw as counsel. Counsel has identified a single potential issue: whether the court erred or abused its discretion in designating Wilson-Rodriguez as a sexually violent predator ("SVP"). ***See*** 42 Pa.C.S.A. § 9799.24. We grant counsel's application to withdraw and affirm the judgment of sentence.

At Wilson-Rodgriguez's guilty plea hearing, he admitted that on May 26, 2022, he sent messages to an undercover police officer who was posing as a 15-year-old boy. ***See*** N.T., Guilty Plea Hearing, 4/5/23, at 5. Wilson-

---

[1] ***See*** 18 Pa.C.S.A. § 6318(a)(1).

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

Rodgriguez attempted to meet with the persona and was arrested at the meeting location. *Id.* at 5-6. He later admitted that he went to the location intending to have sex with a 15-year-old boy. *Id.* at 6.

After Wilson-Rodriguez pleaded guilty, the court scheduled an SVP hearing. The trial court summarized the testimony at the hearing as follows.

> At the hearing to determine whether [Wilson-Rodriguez] met the criteria of a sexually violent predator under the statute, the Commonwealth presented the testimony of Dr. Veronique Valliere who testified that [Wilson-Rodriguez] suffers from antisocial personality disorder and exhibited predatory behavior. Dr. Valliere further testified that antisocial personality disorder and [Wilson-Rodriguez]'s past history made him likely to repeat this offense due to his failure to empathize or show remorse for his actions because of his antisocial personality disorder. Dr. Valliere noted that the potential victim in this case was a minor and total stranger to [Wilson-Rodriguez]. She further stated that [Wilson-Rodriguez] has a pervasive history of rule breaking going back to age fourteen (14) including aggressive behavior, a PFA order, and parole violations. She noted [Wilson-Rodriguez]'s predatory behavior as [Wilson-Rodriguez] went to meet a potentially fifteen (15) year old victim for sex.
>
> [Wilson-Rodriguez] presented the testimony of Dr. Christopher Lorah who testified and agreed that [Wilson-Rodriguez] suffers from antisocial personality disorder but d[id] not agree that this diagnosis makes him likely to reoffend.

Trial Court Opinion, filed 9/24/24, at 3-4; *see also* N.T., SVP Hearing, 4/18/24, at 7-38; Commonwealth's Exh. 2 (Report of Veronique N. Valliere, Psy. D.); Defendant's Exh. 2 (Report of Christopher P. Lorah, Ph.D.).

The court determined Wilson-Rodriguez meets the criteria to be classified as an SVP. The court thereafter sentenced him to four to eight years' incarceration.

Wilson-Rodriguez timely appealed. Counsel has identified one issue for appeal: "Whether the sentencing court erred in ordering that [Wilson-Rodriguez] be designated a[n SVP], thus requiring him to register as a lifetime offender under SORNA." *Anders* Br. at 6.

Before we address the merits of the appeal, we must assess counsel's request to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Along with the withdrawal petition, counsel must file an ***Anders*** brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa.Super. 2018) (*en banc*) (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)). Counsel's withdrawal request must state that counsel "has made a conscientious examination of the record and determined that the appeal would be frivolous." ***Id.*** Counsel must furnish the appellant with a copy of the ***Anders*** brief and advise the appellant of the right to proceed *pro se* or to retain different counsel. ***Id.***

Here, counsel has filed an ***Anders*** brief outlining the relevant facts and law, and setting forth counsel's assessment that the appeal is frivolous. Counsel's application to withdraw states he has made a thorough review of

the record, and that he has sent Wilson-Rodriguez a copy of the **Anders** brief and advised him of his right to proceed *pro se* or through new counsel. Wilson-Rodriguez has not responded. We will therefore "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Id.** at 272.

We begin with the issue identified in the **Anders** brief. We agree that the issue is frivolous. To designate a sex offender as an SVP, the trial court must determine "whether the Commonwealth has proven by clear and convincing evidence that the defendant is an individual who has 'a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.'" **Commonwealth v. Aumick**, 297 A.3d 770, 778-79 (Pa.Super. 2023) (*en banc*) (quoting 42 Pa.C.S.A. § 9799.12 (providing the definition of a "sexually violent predator"); **see also** 42 Pa.C.S.A. § 9799.24(e)(3) (imposing "clear and convincing" standard). The court may rely on an expert's opinion rendered to a reasonable degree of professional certainty because such an opinion "is, itself, substantive evidence." **Aumick**, 297 A.3d at 782.

On appeal, this Court may not re-weigh the evidence, but must "accept the undiminished record of the case in the light most favorable to the Commonwealth." **Id.** at 776. We will reverse an SVP designation only if the Commonwealth has not carried its burden to produce clear and convincing evidence to satisfy the statutory standard. **Id.** at 776-77.

Upon review, we find no reasonable basis on which to challenge the trial court's determination that Wilson-Rodriguez has a mental abnormality or personality disorder that makes him predisposed to engaging in sexually violent offenses. Dr. Valliere diagnosed Wilson-Rodriguez with antisocial personality disorder and testified that this diagnosis, in conjunction with Wilson-Rodriguez's predatory behavior, make it likely that he will be a repeat offender. Dr. Valliere explained that antisocial personality disorder "is a chronic, pervasive, and persistent disorder which forms the individual's foundational way of relating with the world, perceiving the world, and interacting with the world." N.T., SVP hearing, at 8. Such an individual's behavior is "dictated by a kind of a criminal orientation that disregards the rights of others [and] the rules of society," and an individual with this diagnosis "is prone towards instant gratification and exploitation" and "doesn't respond well to negative consequences[.]" *Id.* at 9.

Dr. Valliere pointed out that Wilson-Rodriguez has "criminal versatility," in that he "not only commits one kind of crime . . . but he has a history of violence in his interpersonal relationships, parole violations, misconducts in prison, PFA violations." *Id.* She noted "that despite treatment, placement, and legal sanctions," Wilson-Rodriguez "continues in criminal and aggressive behavior[.]" *Id.* Dr. Valliere highlighted that before travelling to the meeting location intending to have sex with a minor, Wilson-Rodriguez sent the undercover persona two pictures of his penis. *Id.* at 10. Dr. Valliere stated, "Once an antisocial person adds [sexual abuse of children] into their criminal

repertoire, they're difficult – more difficult to manage and treat and more prone to recidivism because they lack the internal barriers to stop themselves once they find that's gratifying for them." *Id.* at 12. Dr. Valliere rendered her opinion within a reasonable degree of professional certainty. *Id.* at 14. We perceive no reasonable basis in fact or law upon which to challenge the SVP determination.

Our review of the record has disclosed no non-frivolous issues. We therefore grant counsel leave to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/09/2025