**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTHONY NIMMONS | : | |
| | : | |
| Appellant | : | No. 575 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 31, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000732-2024

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:           **FILED: DECEMBER 19, 2025**

Michael Anthony Nimmons ("Nimmons") appeals from the judgment of sentence imposed following his conviction for driving under the influence ("DUI") – highest rate of alcohol.[1] We affirm.

Given our disposition, a detailed factual history is unnecessary. Briefly, on April 20, 2024, Athens Township police officers responded to a call regarding an unconscious male behind the driver's seat of a vehicle. Upon their arrival, officers located Nimmons, who matched the description provided in the call. The officers detected a strong odor of alcohol emanating from Nimmons' person and saw a bottle of alcohol in plain view on the driver's side of the vehicle. Nimmons agreed to participate in standard field sobriety testing and subsequently submitted to a blood draw, which resulted in a blood

---

[1] **See** 75 Pa.C.S.A. § 3802(C).

alcohol content of 0.206. Police charged Nimmons with DUI – highest rate of alcohol.

Nimmons elected to proceed *pro se*, and the trial court conducted an oral colloquy regarding his right to counsel at his formal arraignment. **See** N.T., 1/6/25, at 1-10. Nimmons informed the trial court that he had sought representation from the public defender's office, but he was informed that he was ineligible because his income was too high to qualify for assistance. **See id**. at 1.

On March 6, 2025, pursuant to a negotiated plea agreement, Nimmons pleaded guilty to DUI - highest rate of alcohol, his second offense in ten years, which was graded as a first-degree misdemeanor. The plea agreement reached between Nimmons and the Commonwealth provided for a minimum period of incarceration at the bottom of the standard range of the sentencing guidelines. On March 31, 2025, the trial court sentenced Nimmons to five to twenty-four months in prison and sixty months of concurrent probation. The trial court also directed Nimmons to pay a fine of $1,500. Nimmons did not raise any challenge to his sentence at the sentencing hearing. **See** N.T., 3/31/25, at 5-10. Nor did he file a post-sentence motion. However, after the period in which to file a post-sentence motion had expired, Nimmons once again sought representation from the public defender's office, and a public defender filed a timely notice of appeal on his behalf. Both Nimmons and the trial court thereafter complied with Pa.R.A.P. 1925.

Nimmons raises the following issue for our review: "Did the trial court abuse its discretion when it sentenced [Nimmons] to an aggregate sentence of imprisonment the minimum of which shall be five (5) months and the maximum of which shall be twenty-four (24) months and sixty (60) months of probation, to be served concurrently." Nimmons' Brief at 3.

Nimmons' sole issue on appeal implicates the discretionary aspects of his sentence. An appellant may not challenge discretionary aspects of a sentence as of right. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Rather, this Court treats an appellant's challenge to the discretionary aspects of a sentence as a petition seeking permission to appeal. *See Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017). To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, the appellant must satisfy the following four-part test: (1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

Here, Nimmons filed a timely notice of appeal. However, the record reflects that he did not preserve his discretionary sentencing claim by raising it at his sentencing hearing or in a timely post-sentence motion. Accordingly,

we are constrained to deem Nimmons' discretionary sentencing issue waived for purposes of appellate review. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (holding that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); **see also Dempster**, 187 A.3d at 272 (holding that objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed).

Here, as Nimmons failed to preserve his discretionary sentencing issue by raising it at his sentencing hearing or in a timely post-sentence motion, he has failed to invoke this Court's jurisdiction to review it.[2] Thus, we affirm the judgment of sentence.

_____

[2] We note that, in his brief, Nimmons additionally presents a vague and undeveloped claim that his sentence is illegal. Although Nimmons did not raise this issue in his concise statement or in his statement of questions involved, a challenge to the legality of a sentence can never be waived and may be raised for the first time on appeal. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1211 (Pa. Super. 2019). However, in advancing this argument, Nimmons concedes that the sentence in question, as imposed herein by the trial court, is legal. However, he posits that **if** he violates his probation and **if** his probation is thereafter revoked, the trial court **might** subsequently impose a revocation sentence that could **potentially** be illegal. In this regard, Nimmons asserts that "[h]ypotehtically, if [he] serves twenty-three months of his twenty-four months incarcerated and happens to be revoked on his concurrent probation, the court could then resentence him to
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2025

---

the entire sixty (60) months of probation and run it consecutive to his parole." Nimmons' Brief at 11. Nimmons speculates that, if this were to occur, it "could lead to a lengthier sentence than allowed by law" for a misdemeanor of the first degree. ***Id***. Presently, the sentence imposed by the trial court is not illegal. We decline to speculate that Nimmons ***might*** violate this probation and ***might*** receive a revocation sentence that ***might*** be illegal at some point in the future. Thus, Nimmons' challenge to the legality of his sentence merits no relief.